IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 9, 2002

## STATE OF TENNESSEE v. ELWOOD JEFFREY BARRIGHER

**Direct Appeal from the Circuit Court for Obion County**
**No. 9-416      William B. Acree, Jr., Judge**

---

**No. W2001-02238-CCA-R3-CD - Filed April 19, 2002**

---

The Appellant, Elwood Jeffrey Barrigher, appeals the judgment of the Obion County Circuit Court revoking his placement in the Community Corrections program and reinstating his original nine-year sentence in the Department of Correction.  Prior to his revocation, Barrigher was serving a nine-year Community Corrections sentence, which stemmed from his 1999 class B felony conviction for delivery of a Schedule II controlled substance.  Finding no abuse of discretion, we affirm the revocation.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which DAVID H. WELLES and JAMES CURWOOD WITT, JR., JJ., joined.

Joseph P. Atnip, District Public Defender, Dresden, Tennessee, for the Appellant, Elwood Jefffrey Barrigher.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Braden H. Boucek, Assistant Attorney General; Thomas A. Thomas, District Attorney General; and Kevin McAlpin, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

On June 28, 2001, a Community Corrections Violation Report was filed alleging that the Appellant had tested positive for drug use and for failing to make any payment toward his court ordered cost and restitution.  After a hearing on July 13, 2001, the trial court revoked the Appellant's placement in the Community Corrections program and ordered him to serve the balance of his nine-year sentence in the Department of Correction.

In this appeal, the Appellant asserts that the trial court abused its discretion by "sentencing him to the Department of Correction rather than giving him another chance under the supervision of Westate Corrections Network," the local Community Corrections program. Specifically, the Appellant argues that "his unusual parenting circumstances call for an unusual measure of leniency," and further asserts that he should have been given long-term drug treatment instead of incarceration.

The law concerning revocation of a Community Corrections sentence is clear. The trial court has the discretion to revoke a Community Corrections sentence upon a finding that the defendant has violated the conditions of his behavioral contract. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). Before a defendant may be revoked, however, the record must contain sufficient evidence to permit the trial court to make an intelligent and conscientious decision. *Id.* On appeal, the trial court's decision will not be disturbed absent a finding that the trial court abused its discretion. *Id.* To find an abuse of discretion, the reviewing court must conclude that the record contains no substantial evidence to support the conclusion of the trial court that the defendant violated the terms of the Community Corrections program. *Id.*

At the revocation hearing, the State presented the testimony of Glenda Hubbard, the Appellant's Community Corrections case officer. Ms. Hubbard testified that the Appellant had failed to make any payments to the court toward court-ordered costs and restitution in direct violation of Rule 4 of the behavioral contract signed by the Appellant. The proof further established that approximately six months after completing an inpatient treatment program in the Veterans Hospital in Memphis for drug addiction, the Appellant tested positive for the use of marijuana. The Appellant was then admitted to the Serenity Recovery Center in Memphis for additional substance abuse treatment. He failed to complete the prescribed course of treatment at the Serenity Center. Following the Appellant's departure from the Serenity Center, he twice tested positive for cocaine and marijuana use. The behavioral condition violations for drug use are based upon the Appellant's use of drugs following his release from the Serenity Center. The Appellant, testifying on his own behalf, admitted to using narcotics while serving his Community Corrections sentence. Nonetheless, the Appellant again requested placement in long-term drug rehabilitation in lieu of incarceration because he was a single parent responsible for the care of his fifteen-year-old daughter.

In revoking the Appellant's placement in the local Community Corrections program, the trial court found that,

> [a]ccording to the file, the defendant has received drug treatment two different times, at the Veteran's Hospital, and then at Serenity, and it hasn't done any good. . . . I understand you have a drug problem, but the efforts so far haven't done any good, and I don't really think you are really interested at this time in doing anything about your drug problem. Maybe you can't. I don't know. As I previously stated, on two different occasions, you've received treatment since you have been sentenced by this Court. . . . I can't allow you to remain on Westate Corrections and violate the program. If I allowed you to do that, everybody would do it. There's really nothing

else to do with you other than send you to the Department of Correction, which I'm
going to do.  You are resentenced to the Tennessee Department of Correction.

We agree with the trial court's reasoning.  The behavioral contract signed by the Appellant states,
"[a]ny violation of the rules is a serious matter and could result in the revocation of your Community
Corrections sentence."  Thus, the Appellant was well aware that his actions could lead to the
revocation of his Community Corrections sentence.  The record before us contains more than
sufficient proof to support the trial court's decision that enrollment in another drug-treatment
program was not a viable choice, as the Appellant had twice failed such programs.  Furthermore, the
Appellant's contractual obligations to the Community Corrections program are in no way altered
because of his status as a single parent.

## CONCLUSION

We find that the trial court did not abuse its discretion by revoking the Appellant's
Community Corrections sentence and ordering incarceration.  The judgment of the Obion County
Circuit Court is affirmed.

_____
DAVID G. HAYES, JUDGE